UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK DINEHART LANGDON and
GRANT DINEHART LANGDON,

                             Plaintiffs,

        v.                                       1:13-CV-842

THE COUNTY OF COLUMBIA,
FORMER SHERIFF PAUL PROPER, JR.,
CARL WHITBECK, JASON SHAW, and
PAUL CZAJKA, DISTRICT ATTORNEY

                             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.     INTRODUCTION

On May 29, 2013, Plaintiffs filed a Complaint *pro se* in New York State Supreme Court, Columbia County, based on events that occurred more than twenty-five years ago in 1987 and 1988. The Complaint was removed to this Court on July 17, 2013. Presently before the Court are Defendants County of Columbia, Proper, Whitbeck, Czajka, and Shaw's motions to dismiss. Dkt. ## 8, 14. Plaintiff has opposed these motions. Dkt. # 21. The Court has considered each of these in rendering this Decision and Order.

### II.    BACKGROUND

The claims contained in Plaintiffs' Complaint are already well known to the Court. The Complaint addresses conduct that occurred in 1987 and 1988, concerning the arrest of Plaintiff Frank Langdon ("Frank") on arson charges. Langdon originally filed a civil rights

claim pursuant to 42 U.S.C. § 1983 based upon these events on December 19, 1989 ("Langdon I"). Defendants Columbia County and Proper were among the defendants.Langdon's was dismissed by Judge Howard G. Munson's June 24, 1991 Decision and Order, and a final judgment of dismissal was entered on July 2, 1991. Frank's appeal was dismissed for failure to prosecute by the Second Circuit on February 25, 1992.

In an attempt to rekindle Langdon I, Frank, together with his father, Plaintiff Grant Langdon, filed another complaint on February 2, 1998 based on the same events of 1987 and 1988 ("Langdon II"). All Defendants in the present action, with the exception of Defendant Czjaka, were among those named as defendants. An amended complaint was filed on February 25, 1998. Judge Munson dismissed this second action on July 14, 1999 under the doctrine of *res judicata* and the passing of the applicable statute of limitations. Plaintiffs did not appeal. Nine years later, Plaintiffs filed a petition to reopen Langdon II on October 9, 2008.

In a Decision and Order filed on January 23, 2009, Judge Hurd dismissed the petition to reopen, characterizing Plaintiffs' third attempt to reanimate the twice-dismissed claims as being "without any basis in fact or in law, . . . frivolous, unreasonable, and groundless." The Court assessed an award of reasonable attorney's fees and costs to the defendants pursuant to 42 U.S.C. § 1988. Moreover, in an Order dated February 19, 2009, Judge Hurd prohibited Plaintiffs from filing any further papers with the Court.

In May 2013, Plaintiffs commenced the present action, which addresses the events of 1987 and 1988 for the third time. Plaintiffs commenced the instant action in state court, which was removed to this Court by Defendants. Defendants now move to dismiss on the

grounds of res judicata, the statute of limitations, and because Grant Langdon does not have standing. The County also seeks fees under 42 U.S.C. § 1988.

## III.  DISCUSSION

### a.  Plaintiffs' Present Action is Barred Under the Doctrine of *Res Judicata*

Defendants move for dismissal of the present action under the doctrine of *res judicata*.

Claim preclusion, otherwise known as *res judicata*, requires that a final judgment on the merits of an action be given preclusive effect. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). Such a judgment will bar a party, as well as those in privity with the party, from relitigating in a subsequent action a claim which was or could have been raised in the prior suit. Marvel, 310 F.3d at 286-87; see also Allen v. McCurry, 449 U.S. 90, 94 (1980). A court's analysis of an argument of claim preclusion is under a transactional approach, by which later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] . . . based on different legal theories or seek[] dissimilar or additional relief." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Smith v. Russell Sage College, 54 N.Y.2d 185 (1981)).

Examined in tandem, the Complaint in Langdon I, the Complaint and Amended Complaint in Langdon II, and the present action are indistinguishable. Each action arose from the same factual grouping. Furthermore, each is based on the same legal theories or upon legal theories that could have been raised in the first action.

Under the doctrine of *res judicata*, Langdon I clearly bars the present action, just as it barred Plaintiffs' previous attempt to relitigate these claims in Langdon II. Judge Munson's Decisions and Orders in 1991 and 1999 were based upon a correct application of the facts

- 3 -

and of the law.  These judgments have been final for several years, and Plaintiffs must understand that their repetitious efforts to circumvent preclusion of their claims will not be tolerated by this Court.

### b. Defendants County of Columbia, Proper, Whitbeck, and Czajka ("Columbia County Defendants") are Entitled to Attorney's Fees Pursuant to 42 U.S.C. § 1988

Columbia County Defendants move for attorney's fees and costs pursuant to 42 U.S.C. § 1988 as prevailing defendants in a civil rights action.

Pursuant to 42 U.S.C. § 1998, the Court may award attorney's fees and costs to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Attorney's fees can also be awarded if the plaintiff continued to litigate after it became clear that his claim was frivolous, unreasonable, or groundless. LeBlanc-Sternberg v. Fletcher, 143 F.3d 765, 770 (2d Cir. 1998).

As the Supreme Court of the United States explained in Christiansburg, in enacting § 1988, Congress sought to "protect defendants from burdensome litigation having no legal or factual basis." Christiansburg, 434 U.S. at 420.  Although attorney's fees are to be rarely awarded against *pro se* parties, see Haines v. Kerner, 404 U.S. 519 (1972), this Court agrees with Judge Hurd's 2009 Decision and Order to award attorney's fees to, among others, Defendants Columbia County, Proper, Shaw, and Whitbeck, and concludes that the frivolity of Plaintiffs' reiterative litigation has only increased since then.  This additional attempt to litigate the same issues can only be characterized as burdensome litigation without no proper basis.  Therefore, this Court finds that Columbia County Defendants are entitled to attorney's fees and costs.

**IV.    CONCLUSION**

For the foregoing reasons, the motions to dismiss, dkt. ## 8, 14, are GRANTED and the action is DISMISSED in its entirety.

Within thirty days of the date of this decision, the Columbia County Defendants may file and serve a verified application as to the amount of claimed attorney's fees and costs. Within forty-five days of the date of this decision, Plaintiffs may file and serve a verified opposition as to the amount of any claimed fees and costs.

IT IS SO ORDERED.

Dated: September 16, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge