UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK DINEHART LANGDON, et al.,

                       Plaintiffs,

      v.                                   1:13-cv-0842

THE COUNTY OF COLUMBIA, et al.,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs Frank Dinehard Langdon and Grant Dinehart Langdon commenced the instant action against Defendant Columbia County, former Sheriff Paul Proper, Jr., Carl Whitbeck, Jason Shaw, and District Attorney Paul Czajka, asserting claims for false arrest and damage to their reputation. The facts of this case arise out of an arrest of Frank Langdon in June 1987 in connection with a fire at Bull Spring Farm. On September 16, 2013, this Court granted Defendants' motion to dismiss with prejudice. See dkt. # 26. The Court also found that the instant matter was frivolous and without any reasonable basis in fact or law. Id. The Court granted Defendants attorneys' fees pursuant to 42 U.S.C. § 1988. Id. The Court therefore directed Defendants to file an application for attorneys fees and the Plaintiffs to file a response. Id. The parties did so. See dkts. # 35, 37-38. Plaintiffs appealed, and the Court of Appeals affirmed the Court's decision. See dkt. # 40. After receiving the mandate of the Court of Appeals and considering the parties' filings, the Court awarded the Defendants the amount of fees they requested, $6,272.89. See dkt. # 43.

Plaintiff Grant Dinehart Langdon then filed a letter motion, which the Court interpreted as a motion for reconsideration of the Court's award of attorneys fees to the Defendants. See dkt. #44. The Court denied that motion. See dkt. # 45.

Defendants then filed a letter motion requesting that the Court issue a judgment in the amount of attorney's fees awarded. See dkt. # 48. The Court issued that judgment. See dkt. # 49. Plaintiff Grant Dinehart Langdon then filed a letter with the Court disputing the entry of judgment. See dkt. # 50. The Court has construed this letter as a response to Defendants' letter motion and a motion for reconsideration by Plaintiffs. Plaintiffs argue that judgment cannot be awarded to the Defendants until Plaintiffs' motion for a jury trial has been decided. Plaintiffs are not entitled to a jury trial because the Court has concluded that no evidence could support their claims. The Court has addressed the claims raised in Plaintiffs' case and determined they are barred by the doctrine of *res judicata*. See dkt. #26. The Court noted that Plaintiffs had filed a number of causes of action based on the same facts over a period of more than twenty-five years. Id. Their cases had been repeatedly dismissed as meritless. Id. Finding the instant matter frivolous, the Court awarded attorneys fees to the Defendants. Id. As the instant matter is frivolous, Plaintiffs are not entitled to a jury trial, and the Plaintiffs' motion is baseless and is denied.

In any case, Plaintiffs make the same arguments that have been made over the course of the entire litigation in this matter, and which have been repeatedly rejected. The Court's findings have been affirmed by the Court of Appeals. In terms of the instant argument over the entry of judgment, that argument is founded in the same arguments this Court has rejected repeatedly. Plaintiffs' motion, considered as one for reconsideration, has no merit. "'A motion for relief from judgment is generally not favored and is properly granted

only upon a showing of exceptional circumstances.'" Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2003) (quoting United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest justice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790). Plaintiff points to no such grounds here, but simply attempts to reargue grounds long since rejected by this Court. The motion will be denied.

Plaintiff Grant Dinehart Langon filed another letter motion on July 11, 2014, after the Court had already termed his earlier response to the Defendants' request for entry of judgment a motion for reconsideration. See dkt. # 54. In that filing, Plaintiff contends that the filing was intended as a request for a trial based on new evidence. Plaintiff's motion again rehashes arguments made repeatedly to this Court. Those arguments have been rejected as meritless in this forum and in the Second Circuit Court of Appeals. They continue to remain so, and the motion for a new trial is denied.

The Court cautions the Plaintiffs that any further filings that rehash issues litigated long ago and which are the subject of final and binding decisions could be cause for the imposition of monetary sanctions which, if not paid, could form the basis for a finding of contempt of court. Plaintiffs must accept that this case has concluded. No issues remain, and no filings in this Court can revive the action.

IT IS SO ORDERED.

Dated: July 21, 2014

Thomas J. McAvoy
Senior, U.S. District Judge