UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK DINEHART LANGDON, et al.,

                      Plaintiffs,

      v.                                         1:13-cv-0842

THE COUNTY OF COLUMBIA, et al.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs Frank Dinehard Langdon and Grant Dinehart Langdon commenced the instant action against Defendant Columbia County, former Sheriff Paul Proper, Jr., Carl Whitbeck, Jason Shaw, and District Attorney Paul Czajka, asserting claims for false arrest and damage to their reputation. This case arises out of an arrest of Frank Langdon in June 1987 in connection with a fire at Bull Spring Farm. On September 16, 2013, this Court granted Defendants' motion to dismiss with prejudice. See dkt. # 26. The Court later granted Defendants' motion for attorneys fees. See dkt. # 41. Since that time, Plaintiff Grant Langdon has filed motions for reconsideration of various court orders, which have been denied. See dkt. #s 44-45, 50, 57. Grant Langdon has also written repeatedly to the undersigned Judge and other court officers, disputing the outcome of the case. See dkt. #s 58-70, 72-73.

        Plaintiff Grant Langdon has once again written the Court, enclosing allegations which he contends supports his claim that Frank Langdon was prosecuted unjustly for arson.

See dkt. #s 75-77.  The Court considers two of those letters, dkt. #s 75-76, as motions for reconsideration of the Court's orders closing the case and granting judgment and attorneys fees to Defendants.  Plaintiffs make the same arguments that have been made over the course of the litigation, and which the Court has repeatedly rejected.  The Court's findings have been affirmed by the Court of Appeals.

Plaintiff Grant Langdon's motion, considered as one for reconsideration, has no merit.  "'A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.'" Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2003) (quoting United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)).  Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest justice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).  Plaintiff points to no such grounds here, but simply attempts to reargue positions long since rejected by the Court.  The motion will be denied.

This matter has ended in the Defendants' favor.  Nothing in any of Plaintiff Grant Langdon's filings can alter that fact.  Any further filings by Plaintiffs will cause a waste of judicial time and resources.  The Court therefore cautions Plaintiffs that any further filings which rehash issues decided long ago and which are the subject of final and binding orders will lead the Court to impose the money sanctions for contempt of court.  The Court has already provided a warning about potential contempt sanctions, and contempt sanctions will follow any additional frivolous findings.

As such, Plaintiffs' motions for reconsideration, dkt. #s 75-76, are hereby DENIED.

*[signature: Thomas J. McAvoy]*
Thomas J. McAvoy
Senior, U.S. District Judge

IT IS SO ORDERED.

Dated:   May 30, 2018