UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK DINEHART LANGDON, et al.,

                      Plaintiffs,

      v.                                  1:13-cv-0842

THE COUNTY OF COLUMBIA, et al.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs Frank Dinehart Langdon and Grant Dinehart Langdon commenced the instant action against Defendant Columbia County, former Sheriff Paul Proper, Jr., Carl Whitbeck, Jason Shaw, and District Attorney Paul Czajka, on July 17, 2013, asserting claims for false arrest and damage to their reputation. See dkt. # 1. The facts of this case arise out of an arrest of Frank Langdon in June 1987 in connection with a fire at Bull Spring Farm. On September 16, 2013, this Court granted Defendants' motion to dismiss with prejudice. See dkt. # 26. The Court of Appeals affirmed the Court's decision on January 23, 2014. See dkt. # 40. Thereafter, the Court granted Defendants' motion for attorneys fees. See dkt. # 41.

        Since the Court entered its decision on attorneys fees, Plaintiff Grant Langdon has moved the Court for various relief, including attorneys fees, reconsideration and re-reconsideration of various orders. See dkt. #s 42, 44, 50, 75, 76. Grant Langdon has also repeatedly written to the Court and other court officials regarding the case and asserting that

the Court's conclusions in this matter were unfair, contrary to law, and factually incorrect. See dkt. #s 58-70, 72-73.

Plaintiff Grant Langdon filed two motions for reconsideration in April and May 2018. See dkt. #s 75-76. The Court denied those motions. See dkt. # 78. In denying the motion, the Court warned the Plaintiff that continued attempts to re-litigate matters that had been decided would expose him to contempt sanctions:

> Plaintiffs' litigation of this matter has been unsuccessful. The Court earlier determined the lawsuit to be frivolous and directed Plaintiffs to pay Defendants' attorneys fees. Despite this clear finding by the Court, Plaintiff Grant Langdon has repeatedly attempted to convince the Court to alter its decision in this matter and has as often been denied. No issues in this matter remain before the Court, and repeated motions and correspondence with the Court will not change that fact. Plaintiff is warned that continued attempts to relitigate this matter would unnecessarily drain scarce judicial resources. Additional motions for reconsideration that rely on the same claims and evidence will be dismissed and could be subject to sanctions from the Court.

Dkt. # 78, at 2.

Despite this warning, and with an acknowledgment that his actions exposed him to a contempt finding, Plaintiff Grant Langdon filed another motion for reconsideration of the Court's order dismissing the case on December 23, 2019. See dkt. # 89. Previous to that filing, Plaintiff sent a number of letters to the Court and to an attorney who had represented a defendant in one of his lawsuits. See dkt. #s 85-87. These letters discussed the facts on which the lawsuit is based, facts which have been litigated for decades in this court and in other fora. Plaintiff has obviously disregarded the Court's directive to cease filing motions for reconsideration and has exposed himself to contempt sanctions.

The Court will first dispose of Plaintiff's motion for reconsideration. When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).

Plaintiff, as in his other motions for reconsideration, has not stated any basis for altering the Court's original decision. He simply restates the arguments he has made for decades. The motion will therefore be denied.

The Court also finds that Defendant is in contempt of Court for his continual attempts to re-litigate a case that has been concluded and for his defiance of the Court's order directing him to cease such filings. As sanction for that contempt, which has wasted judicial time and resources, the Court will direct the Clerk of Court to disregard any future filings in this matter.[1] "A district court may, in its discretion, impose sanctions against litigants

---

[1]Chief Judge Suddaby has already informed the Plaintiff that the Clerk of Court will disregard any filings he asserts in closed cases. See dkt. # 71. That warning has obviously been ineffective in this matter.

who abuse the judicial process." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996). The Court finds that Plaintiff's repeated filings in this matter have abused the judicial process. The Court has explained to the Plaintiff that the case is over, that no attempt to reopen the matter will succeed, and that continuing to do so is a contumacious act. His continued filing of papers in this case is an abuse of process that puts an unnecessary burden on the Court and other parties to this matter. No filings by Plaintiff in this case, no matter how they are titled or what relief they seek, shall be entered on the docket.

Accordingly:

Plaintiff's motion for reconsideration, dkt. # 89, is hereby **DENIED**. The Clerk of Court is hereby **DIRECTED** to stop accepting filings from Plaintiff Grant Dinehart Langdon in this matter.

The Court will take an additional action. "The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding future litigation may be an appropriate sanction." Id. The Court will therefore forward this opinion to the Chief Judge of the District and recommend that he issue to Plaintiff Grant D. Langdon an Order to Show Cause why an order permanently enjoining him from filing a pleading or document of any kind in the District without leave of Court should not be issued.

**IT IS SO ORDERED**.

Dated: January 16, 2020

Thomas J. McAvoy
Senior, U.S. District Judge